**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Nanci Medina Sanchez, *et al.*,<br>Plaintiffs,<br>vs.<br>Hector Tafolla, *et al.*,<br>Defendants. | Case No. 2:26-cv-02147-JAD-MDC<br><br>**ORDER GRANTING MOTION TO PERMIT WITHDRAWAL OF DEEMED ADMISSIONS (ECF NO. 11)** |

Plaintiffs filed a *Motion to Permit Withdrawal of Admissions* ("Motion") (ECF No. 11). The Court **GRANTS** the Motion for the reasons below.

## I. BACKGROUND

This is an action arising from an alleged vehicle accident. *ECF No. 1-2*. Defendants served Requests for Admissions ("RFA") to plaintiffs on July 31, 2026, with a due date to respond by August 31, 2026. *ECF No. 11* at 2; *see ECF No. 11-2*. Plaintiffs did not respond to defendants' RFAs until September 10, 2026, and defendants denied plaintiffs' request to extend the deadline to serve responses to the RFAs. *See ECF No. 11* at 2. Plaintiffs then filed this Motion, requesting to have any deemed admissions withdrawn and have their responses accepted by the Court. *See ECF No. 11*. Defendants did not file any opposition to the Motion.

## II. GENERAL LEGAL PRINCIPLES

Federal Rules of Civil Procedure ("Rule") 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(b) further provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."

"Rule 36(b) is permissive, not mandatory with respect to the withdrawal of admissions." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir.2007). However, two requirements must be met under Rule 36(b) before an admission may be withdrawn. First, the merits of the action must be "subserved." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir.1995). Second, the party who obtained the admission must not be prejudiced by the withdrawal. *Id.* The Ninth Circuit states that the first half of the test is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case. *Id.* Regarding the second half of the test, the party relying on the deemed admissions has the burden to prove that he or she would be prejudiced by its withdrawal. *Conlon*, 474 F.3d at 622 (citing *Hadley*, 45 F.3d at 1348). Moreover,

> The prejudice contemplated by Rule 36(b) is 'not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted.

*Id.* (citing *Hadley*, 45 F.3d at 1348).

## III. ANALYSIS

The Court finds good cause to grant the Motion. Foremost, defendants have not filed any opposition to the Motion and therefore consent to it being granted. LR 7-2(d); *see also Haney v. Nangalama*, No. CIV S-11-1218-MCE-CMK-P, 2012 WL 2446137, at *2 (E.D. Cal. June 26, 2012) (granting a motion to withdraw deemed admissions when the motion was unopposed). The merits of this case would be subserved if plaintiff's responses to defendant's RFAs were barred from consideration this case. *See* Fed. R. Civ. P. 36(b). Plaintiffs also explain that they inadvertently missed the deadline to respond to the defendants' RFAs due to plaintiff's counsel being involved in a Federal trial in this District. *ECF No. 11* at 7. Moreover, defendants have also failed to carry their burden on showing any prejudice in having plaintiffs' deemed admission be withdrawn at this time. Rule 36(b) thus justifies withdrawing plaintiffs' deemed admissions. Therefore, plaintiffs' Motion is granted. Plaintiffs' deemed

admissions to defendants' RFAs are withdrawn and the Court accepts plaintiff's September 10, 2026 responses served on defendants.

## III. CONCLUSION and ORDER

For the foregoing reasons,

**IT IS ORDERED** that:

Plaintiffs' *Motion to Permit Withdrawal of Deemed Admissions* (ECF No. 11) is **GRANTED**. Plaintiffs' deemed admissions to defendants' July 31, 2026 Requests for Admission are withdrawn and the Court accepts plaintiffs' September 10, 2026 responses to defendants' RFAs.

DATED: October 2, 2026.

IT IS SO ORDERED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge